E-FILED
Wednesday, 10 January, 2018  12:36:39 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALLEN BRIDGEFORD JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-03180 |
| | ) | |
| THE SALVATION ARMY, JOHN VAN ZEE, ELMER GAMBLE, and DEANNA RIFE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

This cause is before the Court on the Rule 12(b)(6) Motion to Dismiss the Complaint (d/e 11) filed by Defendants The Salvation Army, John Van Zee, Elmer Gamble, and Deanna Rife. The Motion is GRANTED IN PART and DENIED IN PART. The individual Defendants are dismissed without prejudice. The claims remain pending against The Salvation Army. In addition, the Court RECONSIDERS Plaintiff's request for the appointment of counsel. The Court will attempt to recruit counsel to represent Plaintiff.

# I. BACKGROUND

In August 2017, Plaintiff Allen Bridgeford Jr., proceeding pro se, filed a Complaint alleging that Defendants discharged him from his employment in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). The Court found Plaintiff indigent and granted him leave to proceed in forma pauperis. The Complaint and attachments contain the following allegations and information.

Defendant terminated Plaintiff from his employment as a truck driver on August 9, 2016. Van Zee was Plaintiff's immediate supervisor. Plaintiff identifies Gamble as an administrator and Rife as a store supervisor.

On August 10, 2016, Plaintiff filed a Charge of Discrimination against The Salvation Army with the Illinois Department of Human Rights (Department) under Charge No. 2017SA0247 (the Charge). The Charge was cross-filed with the Equal Employment Opportunity Commission (EEOC) under Charge No. 21BA61924. Plaintiff alleged he was discriminated against on the basis of his age (56) and his race (Black).

On May 16, 2017, the Department issued a Notice of Dismissal for Lack of Substantial Evidence.[1] The Notice advised Plaintiff that, if he disagreed with the decision, he could seek review before the Illinois Human Rights Commission (Commission) or commence a civil action in the appropriate state circuit court within 90 days after receipt of the Notice.

On August 17, 2017, Plaintiff filed a Request for Review of the Notice of Dismissal. On August 18, 2017, Plaintiff filed this lawsuit alleging that he was discharged in violation of Title VII and the ADEA.

In October 2017, Defendants filed their Rule 12(b)(6) Motion to Dismiss the Complaint. Plaintiff has not filed a response.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only

---

[1] **Defendants provided the Court with a copy of the Notice.** A court may take judicial notice of documents in the public record when ruling on a motion to dismiss under Rule 12(b)(6). Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1097 n.1 (7th Cir. 2015); Anderson v. Ctrs. For New Horizons, Inc., 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012) (taking judicial notice of Illinois Department of Human Rights records submitted by the parties).

provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Defendants assert that the Complaint must be dismissed because (1) Plaintiff's claims are barred by 775 ILCS 5/7A-102(D)(3) because Plaintiff chose to pursue his claims in the Commission when he filed a request for review; (2) Plaintiff failed to exhaust his administrative remedies before the EEOC and, therefore, the lawsuit is premature; and (3) the individual

Defendants cannot be held personally liable for alleged violations of the ADEA or Title VII. Plaintiff has not filed a response.

## A. State Law Does Not Deprive This Court of Jurisdiction

The Illinois Human Rights Act provides that a party who has received a notice of dismissal from the Department may either seek review of the dismissal order with the Commission or file a civil action in circuit court. 775 ILCS 5/7A-102(D)(3) (West 2016). If the complainant files a request for review with the Commission, he cannot later commence a civil action in a circuit court. Id. Defendants argue that, because Plaintiff elected to proceed before the Commission, his federal claims are barred by Section 5/7A-102(D)(3). Def. Mot. at 5. Defendants cite Aberman v. Bd. of Educ. of City of Chi., No. 12-cv-10181, 2013 WL 5290048 (N.D. Ill. Sept. 17, 2013) in support thereof.

In Aberman, the plaintiff filed a charge with the Department alleging age and disability discrimination. 2013 WL 5290048, at *1. The Department issued a Notification of Dismissal for Lack of Substantial Evidence, and the plaintiff filed a request for review with the Commission. Id. She also filed a suit in the state circuit court, alleging violations of the Illinois Human Rights Act, the

Americans with Disabilities Act (ADA), the Family Medical Leave Act, and the ADEA.  Id.  The defendant removed the case to federal court.  Id.  The district court dismissed the federal and state discrimination claims, finding that Section 7A-102(D)(3) of the Illinois Human Rights Act foreclosed the plaintiff's ability to pursue her discrimination claims in two separate actions.  Id. at *4.

The Aberman case was distinguished in Morales v. Goodwill Indus. of Se. Wis., Inc., No. 14 CV 2370, 2014 WL 4914255 (N.D. Ill. Sept. 30, 2014).  In Morales, the plaintiff filed a charge of discrimination before the Department.  The Department found substantial evidence supporting two of the plaintiff's charges.  Id. at *2.  The plaintiff asked the Department to file a complaint on her behalf with the Commission, but the plaintiff subsequently moved to voluntarily dismiss the administrative case.  The administrative case was dismissed with prejudice.  Id.

The plaintiff then filed a complaint in federal court alleging violations of the ADA.  The defendant moved to dismiss the plaintiff's discrimination claim asserting that the claim was barred by the Act.  Specifically, the defendant argued that the plaintiff had

the right to adjudicate her claim before the Commission or the circuit court, but not both. Id. at *5.

The district court noted that the Act provided that a complainant whose discrimination charge is found to lack substantial evidence and who chooses to adjudicate with the Commission cannot commence a civil action in a circuit court. Morales, 2014 WL 4914255, at *5 (citing 775 ILCS 5/7A-102(d)(3)-(4)). The court found it unnecessary to determine whether the statute also bars a civil action in circuit court for a claimant whose discrimination charge is found to be supported by substantial evidence and chooses to adjudicate the claim before the Commission. Instead, the court found that "Illinois law does not control whether plaintiff can maintain the federal discrimination claim she brought in federal court." Id. at *5. The Morales court distinguished Aberman on the ground that the suit in Aberman was removed from state court to federal court. By "commencing" the suit in state court, the Aberman plaintiff ran afoul of Section 7A-102(D)(3). In contrast, the Morales plaintiff filed her suit in federal court. The district court did not "read the Illinois statute to

limit a federal court's original jurisdiction over federal discrimination claims," and, therefore, <u>Aberman</u> did not apply. <u>Id.</u>

The Court finds <u>Morales</u> persuasive, even though it is distinguishable on its facts.[2] In this case, Plaintiff is bringing federal discrimination claims in federal court. Defendants do not indicate how a state statute limits this Court's jurisdiction over federal claims. While other doctrines may warrant abstention or a stay of this case, the Court will not dismiss Plaintiff's complaint on the ground that 775 ILCS 5/7A-102(D)(3) bars the claims.

**B.     The Court Will Not Dismiss the Complaint Pursuant to Rule 12(b)(6) Based on Defendants' Affirmative Defense**

Defendants next argue that Plaintiff failed to exhaust his administrative remedies before the EEOC and, therefore, the lawsuit is premature. Specifically, Defendants assert that Plaintiff failed to receive a right-to-sue letter from the EEOC.

While receipt of a right-to-sue letter is a prerequisite to filing a Title VII lawsuit, receipt of the letter is not a prerequisite to filing an ADEA lawsuit. <u>See</u> 29 U.S.C. § 626(d) (only requiring that the

---

[2] The facts are distinguishable because the Department found substantial evidence supporting two of the <u>Morales</u> plaintiff's charges and because the <u>Morales</u> plaintiff voluntarily moved to voluntarily dismiss the administrative case, which the administrative law judge granted.

charge filed with the EEOC be on file for 60 days before the complainant files suit in court); Rittmeyer v. Advance Bancorp, Inc., 868 F. Supp. 1017, 1021 n.3 (N.D.Ill.1994) ("ADEA cases may be filed without the issuance of a Right to Sue letter so long as the complaint is filed at least 60 days after the filing of a charge with the EEOC. If, and only if, the charges are terminated or dropped by the EEOC, then the complainant must file his federal complaint within 90 days of receiving notice of such termination.") (internal citations omitted). In addition, the failure to receive a right-to-sue letter is an affirmative defense. Krause v. Turnberry Country Club, 571 F. Supp. 2d 851, 858 (N.D. Ill. 2008); see also Worth v. Tyer, 276 F.3d 249, 259 (7th Cir. 2001) (receipt of a right-to-sue letter is not a jurisdictional requirement but may constitute a defense). A plaintiff is not required to anticipate and plead around affirmative defenses. O'Gorman v. City of Chi., 777 F. 3d 885, 889 (7th Cir. 2015). Nonetheless, when a plaintiff alleges facts sufficient to establish an affirmative defense, the Court may dismiss the complaint on that ground. Id.

Here, Plaintiff does not allege facts sufficient to establish the affirmative defense. Plaintiff left blank the portion of the

Complaint asking whether he had or had not received a right-to-sue letter. Therefore, the Court will not dismiss the Title VII claim at this time.

## C. The Claims Against the Individual Defendants Are Dismissed

Plaintiff brings the Title VII and ADEA claims against The Salvation Army and the individual Defendants. Plaintiff alleges that Van Zee was a supervisor, Gamble was an administrator, and Rife was a store supervisor. The individual Defendants move to dismiss the claims against them, arguing that they cannot be held individually liable under the ADEA or Title VII.

Title VII and the ADEA use virtually the same definition of "employer." That is, an "employer" is a "person engaged in an industry affecting commerce who has twenty or more employees" (15 or more under Title VII) and also includes "any agent of such a person." 29 U.S.C. § 630(b) (ADEA); see also 42 U.S.C. § 2000e(b) (Title VII) (defining "employer" to include "a person engaged in an industry affecting commerce who has fifteen or more employees" and also includes "any agent of such a person"). The reference to "any agent of such person" imposes respondeat superior liability

on employers for the acts of their agents but is not a basis on which to impose personal liability on an individual who does not otherwise meet the definition of "employer." EEOC v. AIC Sec. Investigations, Ltd., 55 F. 3d 1276, 1281, 1282 n. 10 (7th Cir. 1995) (specifically applying to the ADA but noting that the holding "obviously affects the resolution of the very similar questions under Title VII and the ADEA"); see also Boss v. Castro, 816 F.3d 910, 914 n.1 (7th Cir. 2016) ("Title VII authorizes suits against the employer as an entity, not against individual agents of the employer.").

Plaintiff has not alleged a plausible claim that the individual Defendants are "employers" under Title VII and the ADEA. Therefore, the claims against the individual Defendants are dismissed without prejudice.

**D. The Court Reconsiders Plaintiff's Request for Counsel and Will Recruit Pro Bono Counsel**

Plaintiff has twice requested that the Court appoint counsel to represent him. Civil litigants do not have a right to appointed counsel. Zarnes v. Rhodes, 64 F. 3d 285, 288 (7th Cir. 1995). The Court may, however, request an attorney to represent an indigent

litigant under 28 U.S.C. § 1915(e)(1). The decision to recruit pro bono counsel is within the Court's discretion, and the Court should consider whether (1) the plaintiff has made reasonable attempts to obtain counsel, and (2) given the complexity of the case, the plaintiff appears competent to litigate the case himself. Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007).

The Court, in its discretion, finds that Plaintiff qualifies for the appointment of counsel. Plaintiff asserts that he has attempted to obtain counsel but that each attorney contacted stated he or she had a conflict of interest because he or she or a member of the firm are on the Board of Directors for the Salvation Army. Moreover, given the complexity of the case, Plaintiff, who has a 10th grade education, does not appear competent to litigate the case on his own.

### IV. CONCLUSION

For the reasons stated, Defendants' Rule 12(b)(6) Motion to Dismiss the Complaint (d/e 11) is GRANTED IN PART and DENIED IN PART. The individual Defendants are dismissed without prejudice. The Title VII and ADEA claims remain pending against The Salvation Army. The Salvation Army shall file an Answer on or

before January 24, 2018.  In addition, the Court RECONSIDERS Plaintiff's request for the appointment of counsel.  The Court will attempt to recruit counsel to represent Plaintiff.

**ENTERED:  January 10, 2018**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**